NO.01-15-00535-CR

FILED IN
1ST COURT OF APPEALS
HOUSTON TEXAS

SEP 10 2015

CHRISTOPHER A. PRINE
CLERK

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

AT HOUSTON

APPELLATE CASE NAME:

In re Jason T. Pegues

APPELLATE CASE NUMBER:

01-15-00535-CR

TRIAL COURT CASE NUMBER:

94-DCR-026185

TRIAL COURT:

240th DISTRICT COURT/FORT BEND COUNT

NO.94-DCR-026185

In re Jason T. Pegues
Relator

## RELATOR'S MOTION TO ENFORCE JUDGEMENT/FOR ACTUAL ISSUANCE OF RELATOR'S WRIT OF MANDAMUS

TO THE HONORABLE COURT OF APPEALS:

Comes now, Jason T. Pegues #728196, Relator, Pro-se, respectfully submit this motion to enforce judgement/for actual issuance of relator's writ of mandamus in reference to appellate case number 01-15-00535-CR. Relator would like to show this Honorable Court the following:

## PROCEDURAL HISTORY

Around March 24,2015 Relator filed a Motion for Forensic DNA Testing in which the Fort Bend District Attorney's Office received the motion on April 3,2015. Around June 12,2015 Relator filed a Petition for writ of Mandamus in this Honorable Court. (Appellate Case #: 01-15-00535-CR). The State filed a motion for extension of time around June 10,2015, in which the trial court granted, extending the deadline date to June 29,2015 which was requested by the State in it's motion.(SEE: Attachment "A"). Around July 3,2015 Relator filed an objection in the trial court and requested for counsel,and that counsel do not file anything until relator and counsel discuss every aspect of the case and agree on what's best to file in which the trial court never responded to.Mempa v. Rhay,389 U.S.128. Shortly after, the State filed a second motion, requesting the trial Judge issue/enter orders to

-1-

various parties for the location of the evidence in this case 26185, in which relator also objected to. (see: Attachment "B"). This Honorable court ordered the trial court to respond to relator's writ of mandamus 30 days from the order, in which the trial court did respond to relator's writ of mandamus around July 23,2015. Relator responded to the respondent's reply on July 30,2015. The trial court additionally granted the State's second motion to enter orders to various parties to locate the evidence in this case so that the State can respond to relator's motion for forensic DNA Testing.

## NATURE OF PROCEEDING

The nature of proceeding in regards to this motion is to compel the trial court to make findings regarding post-conviction DNA Testing as required by art.64.04 of the Tex.Code of Crim.Proc. and to also enforce this Honorable Court's Judgement to actual issue relator's writ of mandamus. The nature of this proceeding is to also prove and show this Honorable Court that relator is constitutionally entitled to relief in which he is requesting this court to grant based on the facts and the official records of this case 26185. In re M.B. Jackson,238 S.W.3d 603 (TEX.APP.--Waco 2007); In re Todd-Warren ALTSCHUL,238 S.W.3d 603.

## STATEMENT OF THE CASE

Relator is requesting that this Honorable Court actually issue relator's writ of mandamus. Relator along with this Honorable Court has given the respondent ample enough time to make a finding which is required by code of criminal procedure art.64.04 due to relator's motion for forensic DNA testing being filed on March 24,2015, nearly six(6) months ago. The fact that the respondent granted a motion to enter orders to various parties so that the state can make a finding, and

receiving affidavits from all parties with the exception of Former Assistant District Attorney James Sidney Crowley, who is in contempt of court for not complying with a court order that was signed by an Hon.Judge, all parties stating that they have no knowledge of where the evidence in this case is located (SEE: Attachment "C"), the respondent has still not made a finding, violating the Judge's Adjudicative Responsibilities prescribed by the Judicial Canons as well as the 1st, 5th, and 14th Amendments of the U.S. Constitution, nor have the respondent attempted to file for extension, so relator reasonably files this motion respectfully advise this Honorable Court to issue his writ of mandamus so that a finding can be made (SEE: In re M.B.Jackson, 238 S.W.3d 603 (Tex.App.---Waco 2007)), or grant relator relief of immediately release from the Texas Department of Criminal Justice System, vacating his sentence and charge due to relator being constitutionally entitled to relief. Ex parte Roslyn Marie Turner, 394 S.W.3d 513 (Tex.Crim.App.2013); State of Texas, ex rel. Hill v. Court of Appeals for Fifth Dist.34 S.W.3d 924, at 927,[6,7]; Jamilah v. Bass, 862 S.W.2d 201 (Tex.App.--Houston [14th Dist.]1993.

## ISSUES PRESENTED
### I.

Relator's Motion for DNA Testing was file around March 24,2015 based on relator's court appointed counsel Cary M.Faden stating in a habeas proceeding that DNA testing had been done and confirmed relator as the perpetrator, which through investigation later revealed that aggravated perjury had been committed because according to the record DNA test results were inconclusive with no match. SEE: Attachment "D". Counsel made this false statement with intent to deceive, he was the one who cross-examined the criminalist Monica Thompson (Attachment "D").

-3-

Counsel knew the knowledge of the statement meaning, made false statement under oath in connection with an official proceeding; and that false statement was material and could have affected the course or outcome of an official proceeding. Coleman v. State, 279 S.W.3d 681.

Relator's Motion for DNA Testing was also filed based on the investigating record reflecting that DNA was detected January 3,1994, however, relator was not arrested until March 3,1994 and it was not because of DNA confirmation, but by statements made by the then child illegally taken by the Houston Police Officer, which can be proven beyond reasonable doubt by the records. DNA was not introduced nor admitted into evidence at trial which occurred nearly two years later. [NOTICE TO THIS COURT: PLEASE SEE INVESTIGATING RECORD ATTACHED TO RELATOR'S WRIT OF MANDAMUS. CASE #:01-15-00535-CR

## II.

The State has been delaying responding to relator's motion for DNA testing. The respectable purpose for this motion is based on the facts as well as conclusive and proponderance evidence through-out these proceedings that the State has in fact violated the Penal Code Laws of tampering with evidence in this case as well as fabricating. Penal Codes 37.09(a)(1)(2), 37.10, 37.02, and 37.03. With the State not being able to present the evidence in this case not only confirms that the evidence in this case has been tampered with due to fabrication, but also confirms that relator was in fact convicted by an illegal taken statement that was illegally obtained and used to secure a conviction. Furthermore, the investigating record in this case can prove that the statement was illgally taken and inadmissible by law beyond reasonable doubt. The Tex.C.C.Proc.38.23 prohibits the admission of any evidence obtained in violation of Texas Penal Laws related to gathering,

-4-

creating, or destroying evidence. 38.23 of the Texas Code of Criminal Procedure includes evidence that is obtained in violation of Texas Law as well as that obtained in violation of the Federal and State constitution. Wilson v. State,311 S.W.3d at 458-59; Smith v. State,165 S.W.3d 361 (Cr.App.2005). The State stated that there was a knife handle and a phone book in which did not contain relator's prints, concluding that with the State not being able to present evidence in this case, confirms that if relator did not confess to particulars of the crime in the illegal taken statement, the State only verbalized it in trial for slandering purposes which had an impact on the jury's verdict, further confirming that with inconclusive DNA Testing results, the illegal taken statement was over 90% of relator's conviction, and with relator's ability to prove the statement was illegally taken beyond a reasonable doubt confirms that there was no evidence in which would have convicted relator. See Attachment "E" where the State relied

solely on the illegal taken statement and the DeGarmo Doctrine, but now that the court of criminal appeals has completely overruled the DeGarmo Doctrine (Jacobson v. State,398 S.W.3d 195 (Tex.Crim.App.2013)) and is to be applied retroactively according to West's Texas Digest 2d[100(1) Courts] as the Law of Case Doctrine applies to this case 26185 as well (Lindquist v. City of Pasadena Texas 669 F.3d 225), relator is now able to present the entire initial police investigation of this case, supported by the investigating record to expose all the Constitutional, Substantial, and Procedural errors and violations that took place in the initial police investigating parts of this case 26185.

According to Evidence 75: As a general rule, a party's failure to produce evidence within it's control raises the presumption that, if produced, it would operate against him.

With the State not being able to present the evidence in this case, confirms that woithout the illegal taken statement, there is not any physical or biological evidence, nor was there ever any to support convicting relator, and with the State not being able to present evidence in this case, it forces the State to make a determination of whether the State wants to attempt to prove the statement that was admitted into evidence was legally taken, or to grant relator relief of time-served and avoid reversal proceedings.

## HOW STATEMENT WAS ILLEGALLY TAKEN

[PLEASE SEE INVESTIGATING RECORD ATTACHED TO RELATOR'S WRIT OF MANDAMUS : APPELLATE CASE NO.01-15-00535-CR]

### I.

In the initial police investigation, constitutional, substantial, and procedural rights were violated and affected. The investigating record in this case 26185 reflects that the police officers visited the child numerous times although he was classified only as a witness, questioning and interrogating him about a criminal act, never informing him of his 5th Amendment right of having his parents present before and during the interrogation/questioning which is a due process violation under the 14th Amendment of the U.S.Constitution, as well as a parental notification requirement violation. Moran v. Burbine,475 U.S.412,432, 434; Colorado v. Connelly,479 U.S.157-163; Miranda,384 U.S.at 436,444, and at 479; U.S. v. Washington,431 U.S.at 185; Miller v. Fentin,474 U.S. 104,109,106; Mincey v. Arizona,437 U.S.385,98; Brown v. Missi-

ssippi,297 U.S.278,56; U.S. v. Villegas 404 F.3d 355; Oregon v. Elstad, 470 U.S. at 371.

The investigating record also reflects that multiple times the police officers visited the victim parents at their home which was right next door to where the witness lived, but instead of the police officers going to the witness home where his parents would be present, the police officers waited until the child was at school to question/interrogate him in a office alone during school hours avoiding parental interference which is a due process violation and police coercive conduct. The police never notified the child's parents of their questioning/interrogating the child at school, the child was being interrogated without the informance, notification, or consent of his parents which affected substantial rights, pursuant to Federal Rules of Criminal Procedure 52(b establishing that these plain errors were prejudicial. (Illinois v. Perkins, 496 U.S.292,297 (1990).

## II.

These violations and errors in the initial police investigation in this case 26185 led to the child being arrested from school with no evidence making the arrest illegal. The officers continued to violate due process rights and affect substantial rights, committing plain errors that were prejudicial by failing to inform the child's parents that the child had been arrested and why, and in failing to do so violates Family Code Ann. 52.02(b). The investigating record in this case reflects that the child was arrested at 1100 hours and the child's parents were notified at 1607 hours, making that a five hour and seven minute delay, which is a violation of Family Code 52.02(b) and due process right violation as well. U.S. v. Givosky-Garibay, 176 F.Supp 2d 705; In re C.R.,995 S.W.2d 778 (Tex.App.--Austin 1999); Gonzales v. State, 9 S.W.3d 267 (App.1 Dist.1999); Le v. State, 993 S.W.2d 650,655-56 (Tex.Crim.App.1999).

-7-

The State statue requires that a child's parents must be promptly told that the child has been arrested and why and reuires more than just a phone call. In re C.R.,995 S.W.2d 778 (Tex.App.--Austin). In that five hour and seven minute delay, the coercive police conduct continued as the police took the child out of the county the crime occurred which was in Fort Bend County, to another county (Harris County), acting without legal authority, lodging the child into a facility that was not approved by the Fort Bend County Juvenile Court and extracted a statement/confession from the child, making the statement/confession illegal and inadmissible by law violating Vernon's Ann.Texas Code of Criminal Procedure art.38.23. Wilson v. State,311 S.W.3d at 458-59; Smith v. State,165 S.W.3d 361 (Cr.App.2005); U.S. v. Jose R. Garibay, 143 F.3d 534-539 (9th Cir.1998), but there was no evidence against relator, so although the statement/confession was taken illegally, that was all the State had so it was secured, admitted into evidence, and used to convict relator and sentenced him to fifty years in prison. Hampton v. State,36 S.W.3d 921 (App.8 Dist.2001).

## III.

After the child was certified, the investigating record in this case which proves the violations and errors that occurred in the initial police investigation was sealed by the Fort Bend County Juvenile Court in purpose to hide these violations and errors, which has been hidden for over twenty years. Relator had no knowledge that the investigating record in this case 26185 had been sealed, but relator was recently able to gain possession of the investigating record in this case establishing "Affirmative Evidence of Relator's Innocence" entitling him to a live evidentiary hearing Ex parte Franklin,72 S.W.3d 671,678 (Tex.Crim.App.2002); Ex parte Tuley,109 S.W.3d 388 (Tex.Crim.App.2002),

-8-

but the State has lost the evidence in this case 26185. Either the State failed to disclose this favorable evidence to the defense Brady v. Maryland,373 U.S. 83 (1963); Ex parte Adams,768 S.W.2d 281 (Tex.Crim. App.1989); United States v. Bagley, 473 U.S. 667,676 (1985); Ex parte Calderon 309 S.W.3d 64 (Tex.Crim.App.2010), or the District Court Appointed Counsel Cary M.Faden ignored and neglected the violations and errors that are clear in the investigating record when appointed to this case. Either way, now that the court of criminal appeals has completely overruled the doctrine in which this case was under the authority of (The DeGarmo Doctrine) Jacobson v. State,398 S.W.3d 195 (Tex.Crim.App.2013) and relator has gained possession of the investigating record in this case, relator is now able to present the entire investigating record along with all the violations and errors that occurred in the initial police investigation of this case 26185.

## CLOSING
### REQUEST FOR RELIEF

The statement/confession that was illegally taken and admitted into evidence and used to convict relator, making that illegally taken statement over 90% of relator's conviction is proven beyond a reasonable doubt by way of the investigating record in this case, along with support by State, Federal, and Supreme court cases. Flores v. State, 824 S.W.2d 704.

With relator proving beyond a reasonable doubt that the statement that was secured and used to convict relator was illegally taken and by law was inadmissible results to the actual evidence the State claimed to have had against relator. It has been proven that DNA test results were inconclusive, with no match according to the official court reporter's record in this case which requires for the evidence against

-9-

relator to be presented to justify his conviction.Please see the following:

1.) Without the illegal taken statement...
2.) With the official court reporter's record reflecting that DNA test results were inconclusive,with no match...
3.) With the various parties who submitted their court order affidavits stating that they have no knowledge of where the evidence in this case is located and no personal recollection of this case...
4.) With the State not being able to present the evidence in this case...

There is no support of relator being convicted and sentenced to fifty years in prison. The State may attempt to redirect the court's attention as to how guilty relator was in trial reflection but no where is there mentioning of the initial police investigation and this is why the statement carried so much weight. The State had no other evidence against relator other than the illegal taken statement, but again, after relator was certified,the investigating record in this case was sealed so the State either failed to disclose this particular evidence to the defense which is favorable evidence, or the District Court Appointed Counsel Cary M.Faden ignored and neglected the clear and obvious violations and errors that would have resulted this case by law differently. Relator has spent the last twenty-one years in prison with the State hiding the investigating record that exposes violations and errors that would have resulted this case differently. Fortunately, relator gained possession of the investigating record and fortunately, the court of criminal appeals completely overruled the DeGarmo Doctrine enabling relator to present these particular violations and errors the State hid for so many years. Now that relator is presenting the

investigating record proving violations and errors that occurred in the initial police investigation in this case 26185, "ironically" the State has committed aggravated perjury, can not locate the evidence, and refusing to directly address the designating issues in this case that occurred in the initial police investigation. According to Tex.R.App. Proc.44.2(a) Constitutional Error: If the Appellate Record in a Criminal Case reveals Constitutional error that is subject to harmless error review, the court of appeals must reverse a Judgement of Conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Ex parte Thompson 153 S.W.3d 416; Leday v. State 983 S.W.2d at 728; Harrison v. U.S., 392 U.S. 219.

Not only did these violations and errors that occurred in the initial police investigation contribute to the conviction and punishment, but the State hid these violations and errors for over 20 years by sealing the record that expose these violations and errors in Juvenile Proceedings, never disclosing the favorable evidence (With-holding Evidence) to the defense, tainting the integrity of the Justice System resulting to unfair proceedings, unfair trial, reversable error, taking away twenty-one years of relator's life.

## II.

Due to all the facts and the official record in this case now being presented, relator request that this Honorable Court reverse this case and grant relator the relief in which he is Constitutionally entitled to. Relator request to be bench-warranted to Fort Bend County if necessary and immediately released from the Texas Department of Corrections, vacating his sentence and charge.

Executed on this 8th day of September, 2015.

Respectfully Submitted,

JASON T. PEGUES #728196

-11-

## PRAYER

WHEREFORE PREMISES CONSIDERED, Relator, Jason T. Pegues #728196, respectfully prays that this Honorable Court take into consideration all of the facts in this Motion and grant relator the relief in which he is Constitutionally entitled to.

Executed on this 8th day of September, 2015.

Respectfully Submitted,

Jason T. Pegues #728196
Relator:

## CERTIFICATE OF SERVICE

I, Jason T. Pegues #728196, relator, being presently confined in Walker County, Texas, do hereby affirm that i have delivered the original of this Motion to Enforce Judgement/For Actual Issuance of Relator's Writ of Mandamus to the prison mailroom officials for delivery to the following via U.S.Postal service:

CLERK OF THE COURT: CHRISTOPHER A.PRINE
COURT OF APPEALS, FIRST DISTRICT
301 Fannin Street
Houston, Texas 77002-2066

SIGNED ON September 8, 2015

SIGNATURE OF RELATOR
JASON T. PEGUES #728196
RELATOR:

## INMATE DECLARATION

I, Jason T. Pegues #728196, presently incarcerated in Walker County, Texas, hereby declare under the penalty of perjury tha the above and all that is mentioned in this Motion to enforce Judgement/for actual issuance of relator's writ of mandamus is true and correct.

Signed on this 8th, day of September, 2015.

JASON T. PEGUES #728196
RELATOR:

cc/file:

-12-

ATTACHMENT


"A"


EVIDENCE

CAUSE NO. 94-DCR-026185

COPY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT |

## STATE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through its district attorney, files this State's Answer to Motion for Forensic DNA testing and would show the following:

1. On July 20, 1994, Jason Tyrone Pegues (Movant) was found guilty of aggravated sexual assault of a child, and sentenced to 50 years in the Texas Department of Criminal Justice, Institutional Division. He has now filed a Motion for DNA testing.

2. Pursuant to Tex. Code Crim. Proc. art. 64.02, the State not later than the 60th day after the date the motion is served on the attorney representing the state shall: (A) deliver the evidence to the court, along with a description of the condition of the evidence; or (B) explain in writing to the court why the state cannot deliver the evidence to the court.

3. The State would respectfully request an extension of time to file its response.

4. This is the State's first request for extension of time in this case.

5. The undersigned is one of three attorneys responsible for all appellate matters for the Fort Bend County District Attorney's Office and is involved in the preparation of other direct appeal briefs or post-conviction writs.

6. The State is in the process of obtaining affidavits regarding the location of the evidence to assist the Court in determining whether to order forensic DNA testing in this case.

7. A realistic time that the State believes it could have its response filed in the present case is June 29, 2015.

8. Therefore, the State would request an extension of time until June 29, 2015, to file its response. If there is any way to complete the State's response before that date, the State will forward its response to the Court as soon as it is completed.

9. This extension is not sought for the purpose of delay.

WHEREFORE, PREMISES CONSIDERED, the State prays that this Honorable Court grant this motion and extend the deadline for filing the State's response in this case to June 29, 2015.

Respectfully submitted,

JOHN J. HARRITY, III
ASST. DISTRICT ATTORNEY
Fort Bend County, Texas
State Bar Number 09133100
301 Jackson Street, Room 101
Richmond, Texas 77469
Phone: (281) 341-4460
Fax: (281) 238-3340
John.Harrity@fortbendcountytx.gov

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to Jason Tyrone Pegues, Huntsville Unit, 815 12th Street, Huntsville, Texas 77348 on the date of the filing of the original with the Clerk of this Court.

_____
Mattie Sanford

## Certificate of Compliance with Texas Rule of Appellate Procedure 9.4(i)(3)

In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), I, John Harrity, hereby certify that the foregoing electronically created document has been reviewed by the word count function of the creating computer program, and has been found to be in compliance with the requisite word count requirement in that its word count with regard to those portions of the brief subject to the word count requirement is 556 words.

_____
John Harrity

CAUSE NO. 94-DCR-026185

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT |

## ORDER ON STATE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

On this date, the Court considered the State's Motion for Extension of Time to File its Response to Defendant's Motion for DNA Testing. After due consideration, the State's Motion is GRANTED. The deadline for the State's Response is now extended to the June 29, 2015.

Signed this _____ day of _____, 2015.

_____
Hon. Thomas R. Culver, III
Presiding Judge, 240th District Court

ATTACHMENT


"B"


EVIDENCE





CAUSE NO. 94-DCR-026185

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | FORT BEND COUNTY, TEXAS |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT |

## ORDER ON STATE'S MOTION TO ENTER ORDERS SO THAT THE STATE MAY RESPOND TO THE DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

On this date, the Court considered the State's "Motion to Enter Orders so that the State may Respond to the Defendant's Motion for Forensic DNA Testing". In order for this Court to make the findings required by Tex. Code Crim. Proc. art. 64 this Court hereby ORDERS:

1. Former Assistant District Attorney, James Sidney Crowley is ORDERED to file an original and three copies of his affidavit within 30 days of this ORDER with the Fort Bend County District Clerk's Office specifically addressing his recollection, if any, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence in this case, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same;

2. Former Assistant District Attorney, Teana Watson is ORDERED to file an original and three copies of her affidavit within 30 days of this ORDER with the Fort Bend County District Clerk's Office specifically addressing her recollection, if any, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same.

3. Court Reporter Lorie Crawford is ORDERED to file an original and three copies of her affidavit within 30 days of this ORDER with the Fort Bend

County District Clerk's Office specifically addressing her recollection, if any, regarding her receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial to date.

4. A representative from the Houston Police Department's Crime Laboratory is ORDERED within 45 days of this ORDER to file an original and three copies of his or her affidavit with the Fort Bend County District Clerk's Office specifically addressing their recollection, if any, in HPD Case # 140481893 or 140481893B and LAB#L94-159, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, the knife handle and telephone book along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial in 1995 to date.

Further a representative from the Houston Police Department's Crime Laboratory shall state in their affidavit: (1) Whether the evidence recovered in the case still exists; (2) If the evidence still exists, is it in a condition that makes DNA testing possible; (3) Whether the evidence has been subjected to a chain of custody sufficient to preclude the possibility of substitution, tampering, replacement, or material alterations; (4) whether the evidence in this case was previously subjected to DNA testing and (5) If the evidence was previously subjected to DNA testing, are there newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

In making this determination this Court ORDERS that a representative from the Houston Police Department's Crime Laboratory make necessary arrangements or seek further orders from this Court to have the evidence that is not presently in their possession delivered to their lab from anyone

currently in possession of the evidence.

If any evidence is missing or has been destroyed relating to the present case the affidavit shall state the date of destruction or an explanation on why the exhibits can no longer be located and the approximate date of their loss.

5. Courtney Head, Martin Lopez, and/or a representative from the Houston Forensic Science Center is ORDERED within 45 days of this ORDER to the Fort Bend County District Clerk's Office specifically addressing their recollection, if any, in HPD Case # 140481893 or 140481893B and LAB#L94-159, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, the knife handle and telephone book along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial to date.

Further, Courtney Head, Martin Lopez, and/or a representative from the Houston Forensic Science Center shall state in their affidavit(s): (1) Whether the evidence recovered in the case still exists; (2) If the evidence still exists, is it in a condition that makes DNA testing possible; (3) Whether the evidence has been subjected to a chain of custody sufficient to preclude the possibility of substitution, tampering, replacement, or material alterations; (4) whether the evidence in this case was previously subjected to DNA testing and (5) If the evidence was previously subjected to DNA testing, are there newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

In making this determination this Court ORDERS that Courtney Head, Martin Lopez, and/or a representative from the Houston Forensic Science Center make necessary arrangements or seek the assistance of the Fort Bend County District Attorney's Office to obtain additional orders from this Court to have the evidence that is not presently in their possession

delivered from anyone currently in possession of the evidence to their lab.

If any evidence is missing or has been destroyed relating to the present case the affidavit(s) from Courtney Head, or a representative from the Houston Forensic Science Center shall state the date of destruction or an explanation on why the exhibits can no longer be located and the approximate date of their loss.

6. A representative from the Fort Bend County District Clerk's Office is ORDERED to file an original and three copies of an affidavit specifically addressing regarding his recollection, if any, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial to date.

The affidavit shall also state whether any exhibits are missing or have been destroyed relating to the present case. If any of the above named items are missing or destroyed, to state the date of the loss or destruction.

It is further ORDERED that the affidavits ordered above should be **sufficiently detailed to allow this Court to make findings of fact.**

The Fort Bend County District Attorney's Office shall make copies of the court reporter's record and photocopies of the exhibits admitted during trial and the offense report available to any of the Affiants named above that have been ordered to provide affidavits upon their request for the same.

Upon receipt of these affidavits, the District Clerk shall immediately mail a copy to Applicant and the Appellate Division of the Fort Bend County District Attorney's Office.

The State will have 30 days following the date that it receives all of the

affidavits listed above or 60 days from the date of this order, whichever is later to: (A) deliver the evidence to the court, along with a description of the condition of the evidence; or (B) explain in writing to the Court why the state cannot deliver the evidence to the Court.

The clerk of the Court is ORDERED to send a copy of this order to Jason Tyrone Pegues and to the Appellate Division of the Fort Bend County District Attorney's Office.

Signed this 24 day of June , 2015.

Hon. Thomas R. Culver, III
Presiding Judge, 240th District Court

FILED

2015 JUN 24 PM 1: 47

CLERK DISTRICT COURT
FORT BEND CO. TX

ATTACHMENT


"C"


EVIDENCE



ANNIE REBECCA ELLIOTT
DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

July 20, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas  77469

Re:    Cause No.    **94-DCR-026185**
       **The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY LORAINE CRAWFORD.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Lisa Tucker
Telephone: (281) 341-4516

**RECEIVED**

JUL 20 2015

**DISTRICT ATTORNEY'S OFFICE**

CC:    Jason Tyrone Pegues
       Huntsville Unit
       815 12th Street
       Huntsville Tx  77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_____
Signature

Mattie Sanford
Print Name

7/20/15

**MAILING**
301 Jackson Street
Richmond, Texas  77469

**PHYSICAL**
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas  77469

http://www.fortbendcountytx.gov
Departments – District Clerk

Cause No. 94-DCR-026185

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | FORT BEND COUNTY, TEXAS |
| JASON TYRONE PEGUES | * | 240th JUDICIAL DISTRICT |

STATE OF TEXAS )

COUNTY OF ROCKWALL )    AFFIDAVIT

I, Loraine Crawford, was the Official Court Reporter for the 240th District Court of the State of Texas from 1991 until March of 2008. I now reside in Fate, Rockwall County, Texas.

I have a vague recollection of reporting in the case of State vs. Pegues, but I have no specific recollection of the case, nor of the exhibits offered and/or admitted into evidence. However, I do remember that it was the policy and procedure of the court reporters in Fort Bend County to keep exhibits during a trial or hearing until the proceeding was concluded. At that time, it was the court reporter's responsibility to log the exhibits and then to submit the exhibits and the log to the District Clerk. I am certain I followed that procedure, and there should be an original copy of the log in the Court's file. That is all I remember about this specific case. It is also possible another court reporter reported a hearing or trial in this case. It was Judge Culver's policy to make a notation on the left margin of the docket sheet "reported" if I was the court reporter for the case. If there was a substitute court reporter, it was his policy to mark "reported by…" with the name of the court reporter who reported that day.

I have relinquished my certification as a court reporter in the State of Texas a few years after I retired in 2008.

Dated this the 13th day of July, 2015.

Loraine Crawford, CSR No. 1365
460 Price Drive
Rockwall, Texas 75087
(972) 567-2505
CLLorieLu701@AOL.com

FILED

2015 JUL 16 AM 10: 18

CLERK DISTRICT COURT
FORT BEND CO., TX

Silvia Guevara





**ANNIE REBECCA ELLIOTT**
DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

July 24, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re:     Cause No.     **94-DCR-026185**
**The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY LORI WILSON AND COURTNEY HEAD.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By:_____
Deputy District Clerk Lisa Tucker
Telephone: (281) 341-4516

RECEIVED
JUL 27 2015
DISTRICT ATTORNEY'S OFFICE

CC:     Jason Tyrone Pegues
Huntsville Unit
815 12th Street
Huntsville Tx 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_____
Signature

Ma tie SANFORD
Print Name

7/27/15

| **MAILING** | **PHYSICAL** |
| --- | --- |
| 301 Jackson Street | 1422 Eugene Heimann Circle, Room 10142 |
| Richmond, Texas 77469 | Richmond, Texas 77469 |

http://www.fortbendcountytx.gov
Departments – District Clerk



CAUSE NO. 94-DCR-026158

| STATE OF TEXAS | § | IN THE 240th DISTRICT COURT |
|---|---|---|
| VS. | § | |
| JASON TYRONE PEGUES | § | OF FORT BEND COUNTY, TEXAS |

## AFFIDAVIT OF LORI WILSON

BEFORE ME, the undersigned authority, personally appeared Lori Wilson, who, after being duly sworn, stated as follows:

"My name is Lori Wilson. I am of sound mind, over the age of 18 years, and competent to make this Affidavit. I have personal knowledge of all facts stated in this Affidavit.

"I am employed by Houston Forensic Science Center, Inc., a local government corporation that operates as the Houston Forensic Science Center ('HFSC' or the 'Center'). I am the Center's Quality Director. On April 3, 2014, HFSC assumed responsibility for substantially all forensic operations of the City of Houston, including the forensic laboratory formerly known as the HPD Crime Lab.

"HFSC has authorized me to execute this Affidavit in response to the 'Order on State's Motion to Enter Orders so that the State May Respond to the Defendant's Motion for Forensic Data Testing' (the 'Order') issued on June 26, 2015, by the 240th District Court of Fort Bend County, Texas, in connection with the captioned proceeding.

"The Center does not possess any policies regarding the destruction or disposal of the evidence described in the Order.

"The Center has no knowledge of, or records or things pertaining to, the evidence described in the Order, other than as described in the Affidavit of Courtney Head, which Affidavit was executed on July 17, 2015, in connection with the captioned proceeding."



Lori Wilson

SWORN TO AND SUBSCRIBED before me on the 17th day of July, 2015.

LAURA MAYOR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 8/21/17

Notary Public, State of Texas

Solo Page



FILED 2015 JUL 22 AM 10:

CLERK DISTRICT COURT
FORT BEND CO., TX

Silvia Guevara

CAUSE NO. 94-DCR-026158

| STATE OF TEXAS | § | IN THE 240th DISTRICT COURT |
| --- | --- | --- |
| VS. | § | |
| JASON TYRONE PEGUES | § | OF FORT BEND COUNTY, TEXAS |

## AFFIDAVIT OF COURTNEY HEAD

BEFORE ME, the undersigned authority, personally appeared Courtney Head, who, after being duly sworn, stated as follows:

"My name is Courtney Head. I am of sound mind, over the age of 18 years, and competent to make this Affidavit. I have personal knowledge of all facts stated in this Affidavit.

"I am employed by the City of Houston and assigned to the Forensic Analysis Division of the Houston Forensic Science Center. My current job title is Criminalist Specialist/Supervisor - Forensic Biology, and I have been in my current role since January 4, 2010.

"On April 3, 2014, Houston Forensic Science Center, Inc., which operates as Houston Forensic Science Center (the 'Center'), assumed responsibility for substantially all forensic operations of the City of Houston, including the forensic laboratory formerly known as the HPD Crime Lab.

"I am executing this Affidavit in response to the 'Order on State's Motion to Enter Orders so that the State May Respond to the Defendant's Motion for Forensic Data Testing' (the 'Order') issued on June 26, 2015, by the 240th District Court of Fort Bend County, Texas in connection with the captioned proceeding (the 'Case').

"My only 'recollection' regarding 'HPD Case # 140481893 or 140481893B and LAB#L94-159' arises from the following items and documents currently in the Center's possession:

1. A plastic bag containing an index card to which a square piece of gauze is attached. The square of gauze (approximately 2" x 2") appears to have a reddish brown stain located in the center. 'L94-159' has been marked on the index card.

2. A flip-top tube containing a small piece of gauze (also located in the plastic bag noted above containing the index card). 'L94-159' has been marked on the tube.

1



3. Twenty-four pages of documents, accurate copies of which are attached to this Affidavit as Exhibit 'A.'

"I have not opened the plastic bag or the tube described above.

"Other than the items and documents described above, I have no personal knowledge regarding the current existence of evidence recovered in connection with the Case. The piece of gauze described above may be in a condition that makes DNA testing possible.

"I have no personal knowledge regarding the chain of custody of the plastic bag or the tube described above or whether evidence in the Case previously has been subjected to DNA testing.
"If evidence in the Case previously was subjected to DNA testing, newer testing techniques may be available that provide more accurate results than previous testing, depending when the previous testing was conducted.

"I have no personal knowledge of the present whereabouts of evidence related to the Case other than the items and documents described above.

"I have no personal knowledge that evidence related to the Case is missing or has been destroyed.

"I understand that Lori Wilson, another employee of the Center, also is executing an Affidavit in response to the Order. To the best of my knowledge, no other person employed or managed by the Center has information related to the Case that is different from the facts stated in this Affidavit and in Ms. Wilson's Affidavit."

Courtney Head

SWORN TO AND SUBSCRIBED before me on the ___17th___ day of __July__, 2015.

LAURA MAYOR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 8/21/17

Notary Public, State of Texas

FILED
2015 JUL 22 AM 10: 13
CLERK DISTRICT COURT
Silvia Guevara

2

**SUSPECT(S)**

| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
|---|---|---|---|
| JASON TYRONE PEGUES | 1-22-77 | B | M |
| | | | |
| | | | |
| | | | |

**CHARGES FILED - CAUSE NO.**

☐ County ☐ District
☐ County ☐ District
☐ County ☐ District
☐ County ☐ District

**COMPLAINT(S)**

| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
|---|---|---|---|
| MARTHA SINGLETON | 1-30-78 | B | F |
| | | | |
| | | | |

OFFENSE AGG SEX ASSLT CHILD

INCIDENT NO. 140481893

DATE OF OFFENSE 12-28-93

DATE SUBMITTED 3-3-94

LOCATION OF OFFENSE 15603 WINTER BRIAR

LIST EVIDENCE SUBMITTED, AND FROM WHOM OR WHERE RECOVERED

blood, hair & saliva from Jason T Pegues

SUGGESTIONS ABOUT EXAMINATION OR ANALYSIS - COMMENTS ABOUT CASE TEST FOR DNA COMP. FOR EVIDENCE OF SEXUAL ASSAULT

(Please Print)
SUBMITTING OFFICER S. J. ANDERSON   CLASSIFICATION  POLICE OFFICER   EMPLOYEE NO. 67721   DIVISION/SHIFT JUV I

**FOR LABORATORY USE ONLY**

| | a pubic hair blood | blood, hair saliva Jason Pegues | | | blood DNA |  |
|---|---|---|---|---|---|---|
| REC'D BY | CUK | MT | Kaiser | | Jw | MT |
| REC'D FROM | | GIL | PKK | EVIDENCE TRANSFERRED TO PROPERTY ROOM | MT | Jw |
| PLACE REC'D | LAB | AR | CER | | Lib | Lab |
| DATE REC'D | 3/3/94 | 3/23/94 | 5-24-94 | 5-25-94 | 6-7-94 | 7/0/94 |
| DAY OF WEEK | THUR | WED | Tues | | Tues | W |
| TIME REC'D | 1:40 P | 9:30am | 11:00am | SEALED | 9:30am | poterr |
| UCR NUMBER | 02 | DNA analysis | CONTENTS NOT INVENTORIED | Exhibit A | | |

FORM NO. HPD-00016

HOUSTON POLICE DEPARTMENT
CONSENT TO GIVE SPECIMEN OR SPECIMENS

I, **JASON TYRON PEQUES**
(Print Full Name of Subject)

hereby consent to give, for the purpose of examination and comparison to any item of evidence that are either currently held by, or that may be obtained by the Houston Police Department, the below listed specimen or specimens:

|                          | Subject's Initials |
|--------------------------|--------------------|
| **Hair Specimens:**      |                    |
| (1.) Head Hair           | J.T.P              |
| (2.) Pubic Hair          | J.T.P              |
| 3. Other _____ | _____    |
| (Specify)                |                    |

|                          | Subject's Initials |
|--------------------------|--------------------|
| **Body Fluid Specimens:**|                    |
| (1.) Blood               | J.T.P              |
| (2.) Saliva              | J.T.P              |
| 3. Other _____ | _____    |
| (Specify)                |                    |

1-vial of blood
was Extracted
from Mr Pegues' system

_____
(Signature of Subject)

12/14    3/3/94        1:40 p.m.
          (Date)        (Time)

---

**WITNESSES:**

| (Signature)        | (Assignment)   | (P.R. #) | (Date)  |
|--------------------|----------------|----------|---------|
| S.J. ANDERSON      | JUV SEX CRIMES | 67221    | 3-3-94  |
| J.W. KIRKPATRICK   | JUVENILE       | 52658    | 3-3-94  |
|                    | Crime Lab      | 95070    | 3-3-94  |

CHECKLIST FOR EVIDENCE

Incident Number: _____  Lab #
Coordinator: _____

| Item(s) | Requested | Described | Date/Comments |
|---|---|---|---|
| Sexual Assault Kit | ✓ | | |
| Clothing | ✓ | | |
| Bedding | | | |
| Swab(s) | | | |
| Autopsy Kit | | | |
| Known Blood ✓Compl. ✓Suspect __Other | ✓ | | |
| Known Hairs __Compl. __Suspect __Unknown Hair | | | |
| Crime Scene | | | |
| Glass Paint Fibers | | | |
| Other | | | |

SUPPLEMENT(S) L94 - 159

mT

No-0005

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                        Street location information
Number-    15603 Name-WINTER BRIAR           Type-        Suffix-
Apt no-        Name-15603                Type-        Suffix-
Date of offense-12/26/93          Date of supplement-01/05/94
Compl(s) Last-SINGLETON      First-MARTHA     Middle-
         Last-
                Recovered stolen vehicles information
 Stored-                        by-                Pho- (000) 000-0000
Officer1-S.J. ANDERSON         Emp#-067721 Shift-1 Div/Station-JUV

                    SUPPLEMENT NARRATIVE

THIS SUPPLEMENT IS BEING GENERATED IN ORDER TO REQUEST THAT THE HPD CRIME LAB
ANALYZE THE RAPE KIT AND THE COMPLAINANT'S CLOTHING, THAT ARE TAGGED UNDER THIS
CASE NUMBER IN THE HPD CRIME LAB, FOR EVIDENCE OF A SEXUAL ASSAULT............


Supplement entered by - 67721


END OF PAGE TWO

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | KG/KR | MT | KG/KR | | Jhn |
| REC'D FROM | PropRm | | MT | | MT |
| PLACE REC'D | PropRm | Crim Lab | CER | | Lab |
| DATE REC'D | 1-5-94 | 1-5-94 | 11 Jan 94 | | 6-7-94 |
| DAY OF WEEK | W | W | Tues. | | Tues |
| TIME REC'D | | 2:50pm | 9:70m | | 9:30am |

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | MT | | | | |
| REC'D FROM | Jhn | | | | |
| PLACE REC'D | Lab | | | | |
| DATE REC'D | 07-13-94 | | | | |
| DAY OF WEEK | W | | | | |
| TIME REC'D | 11:00 AM | | | | |

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | | | | | |
| REC'D FROM | | | | | |
| PLACE REC'D | | | | | |
| DATE REC'D | | | | | |
| DAY OF WEEK | | | | | |
| TIME REC'D | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | | | | | |
| REC'D FROM | | | | | |
| PLACE REC'D | | | | | |
| DATE REC'D | | | | | |
| DAY OF WEEK | | | | | |
| TIME REC'D | | | | | |

| Date Taped: 26-DEC-1993 | Time 18:03 |

Charge/Owner Sinclair Michael 15 YRS

Officer's Name: JOHNSON B.O. Division SW PM II

Officer's Signature & Emp# _____ 93R07

Property Officer's Sign & Emp# _____ 10/27o

Report # 93-___

By N/A

Offence: Agg Sexual Assault Location: WESTBURY MALL

Type: Evidence ☒ Found ☐ Safe Keeping (sk) ☐ Seized ☐

Pr Case Number:

Description (Quantity, Make, Model, Serial #, Any Damage, etc.)

(2)- MED LAW SEXUAL ASSAULT KIT

(1)- BROWN BAG WITH COMPL. CLOTHING ITEMS

L94-159
MT

F2092
CB
212B

LE

L94-159

BACG
BACI

MT

DAY OF WEEK W

TAG NO. _____

CASE NO. _____

DATE 1-5-94

I, Kari Gensler _____ assigned to the _____

Division, hereby, certify that I have rec____ the below listed property from the Property Division for the purpose of:

COURT APPEARANCE _____        LABORATORY ANALYSIS

**PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS**

ITEM NO. OR DESCRIPTION OF _____ PROPERTY ROOM INVOICE

_____

_____

OFFICER RECEIVING PROPERTY _____        EMPLOYEE NO. _____
PROPERTY OFFICER _____                  EMPLOYEE NO. _____

THIS SECTION USED F_____ _____ TO COURTS

EVIDENCE KEPT BY COURTS

_____

_____

RECEIVED BY _____        COURT ON _____
        PRINT                        DATE
SIGNATURE OF RECEIVING _____

THIS SECTION USED _____ _____ TO PROPERTY ROOM

I, _____                     _____ receipt has
_____                          return of:

ALL PROPERTY _____            COURT RECEIPT

DATE _____                    _____ NO. _____

THIS SECTION _____            LABORATORY RECEIPT

                                _____ NO. _____

                                _____ NO. _____

_____

_____

(WHITE COPY _____        PROPERTY ROOM, PINK COPY OFFICER)

Form No. HPD

SUPPLEMENT(S)

343-341

Fort Bend
DA's office

No-0019

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
Street location information
Number-      15603 Name-WINTER BRIAR        Type-        Suffix-
Apt no-        Name-15603            Type-      Suffix-
Date of offense-12/28/93        Date of supplement-09/28/94
Compl(s) Last-SINGLETON       First-MARTHA     Middle-
        Last-
Recovered stolen vehicle information
                 by-                    Pht- (000) 000-0000
  Stored-              Frp#-080164 Shift-  Div/Station-CRIME LAB
Officer1-KIM

SUPPLEMENT NARRATIVE


REF: L94-159

SUSPECT: JASON TYRONE PEGUES

ON MARCH 3,1994 THE FOLLOWING ITEMS WERE SUBM     TO THE LABORATORY:
ONE VIAL OF BLOOD,SALIVA AND HAIRS TAKEN FROM JASON TYRONE PEGUES

ON MARCH 23,1994 THE FOLLOWING ITEM WAS TRANSFERRED TO M.THOMPSON FOR
DNA ANALYSIS:
A PORTION OF FROM JASON TYRONE PEGUES

THE REMAINING EVIDENCE HAVE BEEN SUBMITTED TO THE PROPERTY ROOM.


Supplement entered by - 80164
Date cleared- 03/04/94

PN A

# HOUSTON POLICE DEPARTMENT
## CRIMINALISTICS LABORATORY SEROLOGY EXAMINATION

( ) OR PS = POSITIVE
( ) G = NEGATIVE

LAB. REFERENCE: __L94-159__

ANALYST __CYK__

Jason Reyes

| | Saliva | Hair |
|---|---|---|
| A 50 6 | | |

TAG OR BAR CODE NO.

# HOUSTON POLICE DEPARTMENT
## LABORATORY EXAMINATION

LAB. REFERENCE: L94 159

ANALYST: MT

pos

black bra

black shirt-up pants
pos

purple sweater
pos

blue panties
w/ sanitary napkin
pos

NEG

protein — neg
rotein — neg

no liquid
blood stains

SEXUAL ASSAULT EVIDENCE COLLECTION KIT
INVENTORY AND WORKUP SHEET

**LAB REFERENCE:** L94.159
**ANALYST:** ALT
**DATE:** 1.0.45
**COMPLAINANT:** Alesha Scaleron
**MED. EXAM DATE:** 12.26.93

RECEIVED / NOT RECEIVED
(+) OR POS. = POSITIVE
(-) OR NEG. = NEGATIVE
✓ = RECEIVED
X = NOT RECEIVED

## MICROSCOPIC/SPERMATOZOA

| SMEARS | | P-30 | FROZEN |
|---|---|---|---|
| ✓ VAGINAL | body fld 11.335 | | |
| ✓ RECTAL | 2 slides neg | | |
| X ORAL | neg | | |
| X OTHER | | | |

| SMEARS | | | |
|---|---|---|---|
| ✓ VAGINAL | neg | | |
| ✓ RECTAL | neg | bloody | |
| X ORAL | neg | | |
| X SALIVA | | | |
| X OTHER | | | |

| FLUID | | ABO | LEWIS | FROZEN |
|---|---|---|---|---|
| ✓ BLOOD | | O | | |
| X OTHER | | | | |

## COMMENTS

| HEAD HAIR | | |
|---|---|---|
| ✓ PULLED | scalp / dark brown, no roots | |
| X LOOSE | silver / dark brown | |
| X COMBINGS | | |

| PUBIC HAIR | | |
|---|---|---|
| X PULLED | several black w/ roots | |
| X LOOSE | | |
| ✓ COMBINGS | | |

| FINGERNAIL SCRAPINGS | | |
|---|---|---|
| ✓ RIGHT | ___ gos | |
| ✓ LEFT | none gos | |
| X DEBRIS | Alsac; Alena's hair fragment | |

| EVIDENCE ENVELOPE | | |
|---|---|---|
| X NASAL | several fbers w/ roots | |
| ✓ OTHER (nose | white | |
| ✓ (nasal) | AP neg | |

## CLOTHING BAG

| BAG | ITEM |
|---|---|
| | |
| | |
| | |
| | |

TAG OR BAR CODE NO. BACF

Jason Pegues L94-159 MT

# Houston Police Department Property and Evidence Record

Case Number: 141518093

Date Tagged: 05-25-94  Time: 1200

Compl./Owner: Mintha Sinclair

Suspect Name: Jason T. Raynes

Bnp# N/A  Division N/A  Crime Lab

Tagged By: N/A

Officer's Name: Kam  Division: Crime Lab

Offense: Sex Assault  Location: 15663 Waterbrook

Officer's Signature & Bnp.#: Murphy R

Ident Type: Bvid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ]

Property Officer's Sign. & Bnp.#: [signature]

Bar Code Sticker   Description (Quantity, Make, Model, Serial #, Any Damage, etc.)

1 small envelope containing dried blood & saliva samples from Jason Raynes. A sexual assault kit #94-159 AM

Court Kept

SE063

Houston Police Property Division 11 23 11
Disposition Authorization

*S. Anderson*

Investigative Division _Gang & Crimes_    Incident No. _140481893_ B

Date Sent _6-5-95_ (1C)    Date Property Tagged_____    Tag Number _C7D9_

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

1. Hold for Court Case
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

2. Hold for further Investigation:
   Signature of Investigative Shift Commander
   Required _R. Navano_

3. Hold for possible Surety or Indemnity
   Bond Agreement.
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retreive property.
   Name of person to whom release was refused:
   _____
   Date & Time notified that property would be returned:
   _____
   *Method of Notification
   _____

4. Hold for Property Hearing:
   Hearing Date: _____

5. Photograph & Release to Owner:
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification
   _____
   (Note: Investigator is responsible for photographing property BEFORE it is released to owner).

6. Release to Owner (or Authorized Person)
   Owner's Name _____
   Date & Time Notified to Reclaim Property:
   * Method of Notification: _____

7. Dispose of as Authorized by City Ordinance
   (Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)

8. Transfer of Responsibility:
   Division transferred to:_____
   Authorized by:_____
   (NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)

9. Destroy Property as Ordered by Court:
   (Court Orders for destruction of property to be kept on file by the Investigative Division).

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.

_6/9/95_
Date

Signature of Investigative Officer

_28671_
Employee Number

| Property Room Use Only | |
| --- | --- |
| Final Supervisory Review by: | |
| Name | Date |

RECEIVED
PROPERTY ROOM

JUN 2 1 1995

| Property Room Use Only | |
| --- | --- |
| Letter Disposition Review by: | |
| Name | Date |

Form No. HPD-00011

# Houston Police Department Property and Evidence Record

Page 1 of 1

| | |
|---|---|
| Number: 1405180(3) | Date Tagged 05-25-94 Time 1200 |
| ...ct Name: Jason L. Peques | Compl./Owner Martha Sinclaton |
| ...orized By N/A Emp# N/A Division N/A | Officer's Name Kim UK Division Crime Lab |
| ...se Sex Assault Location 15005 Wateston' | Officer's Signature & Emp.# |
| ...ent Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ] | Property Officer's Sign. & Emp.# L94-159 MT |

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| C/D9 | 1 small envelope containing 1 vial blood 4 oral swab 4 oral smear from Jason Pegues |

L94-159 MT

# Houston Police Property Division
## Disposition Authorization

Investigative Division **SEX CRIMES** Incident No. _____

Date Sent ~~MAY 2 5 1995~~ **9** Date Property Tagged _____ Tag Number _____._____._____

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition Information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

[ ] 1. Hold for Court Case
Defendants Name _____
Charge Filed _____
Court Filed In _____

[ ] 2. Hold for further Investigation:
Signature of Investigative Shift Commander
Required _____

[ ] 3. Hold for possible Surety or Indemnity Bond Agreement.
Type of Bond Required: _____
Person must be advised that he has 30 days to secure bond and retreive property.
Name of person to whom release was refused:
_____
Date & Time notified that property would be returned:
_____
*Method of Notification
_____

[ ] 4. Hold for Property Hearing:
Hearing Date: _____

[ ] 5. Photograph & Release to Owner:
Date & Time Notified to Reclaim Property:
_____
* Method of Notification
_____

*Note: Investigator is responsible for photographing property BEFORE it is released to owner).*

[ ] 6. Release to Owner (or Authorized Person)
Owner's Name _____
Date & Time Notified to Reclaim Property:
_____
* Method of Notification:
_____

[ ] 7. Dispose of as Authorized by City Ordinance
*(Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)*

[✓] 8. Transfer of Responsibility:
Division transferred to: _Juvl Sa/Crime_
Authorized by: _____
*(NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)*

[ ] 9. Destroy Property as Ordered by Court:
*(Court Orders for destruction of property to be kept on file by the Investigative Division).*

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.-

_5-29-95_
Date

_Lt. R. Wagner_
Signature of Investigative Officer

_39047_
Employee Number

| Property Room Use Only |
|---|
| Final Supervisory Review by: |

| Name | Date |
|---|---|
| | |

| Property Room Use Only |
|---|
| Letter Disposition Review by: |

| Name | Date |
|---|---|
| | |

Form No. HPD-00011

Number 140518413

ect Name Jason L. Pegues

orized By N/A  Bmp# N/A  Division N/A Crime Lab

nse Sex Assault  Location 1 5603 Winterbriar

ent Type: Bvid [X] Found [ ]  Safe Keeping (Jail) [ ]  Invest [ ]

Date Tagged 05-25-94  Time 1200

Compl./Owner Martha Singleton

Officer's Name Kim  Div R  Division Crime Lab

Officer's Signature & Bmp.#

Property Officer's Sign. & Bmp.# 94414

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| | 1 small envelope containing:<br>1 vial blood unlabeled<br>4 head hair<br>1 saliva known Jason Pegues L94-159 MT |

E063-

UG 24 1994 5
2XCrimes

13 1994 5
Dt. Septime
IY 25 1995 9
SA Crimes

## HOUSTON POLICE DEPARTMENT
### PROPERTY DIVISION
### TEMPORARY RELEASE OF PROPERTY RECEIPT

AY OF WEEK _Wednesday_                                           TAG NO. _BACF, BACH, C709_

CASE NO. _14048l893-B_                                  DATE _7-19-95_

I, _E. M. Johnson_ assigned to the _Southwest Patrol_

ivision, hereby, certify that I have received the below listed property from the roperty Division for the purpose of:

_FB PC#240_  (**COURT APPEARANCE**)          **INVESTIGATION**          **LABORATORY ANALYSIS**

## PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS

ITEM NO. OR DESCRIPTION OF PROPERTY AS LISTED ON PROPERTY ROOM INVOICE

_SE w/ Vial Blood, Hair, Saliva, LE/Med Law Assault Kit, Brown Bag w/ Compl. Clothing_

OFFICER RECEIVING PROPERTY _E M Johnson_                EMPLOYEE NO. _09380_
PROPERTY OFFICER _R Moore_                              EMPLOYEE NO. _101274_

### THIS SECTION USED FOR RELEASE OF EVIDENCE TO COURTS

EVIDENCE KEPT BY COURT:

_SE W/Vial Blood, Hair, Saliva, LE/Med Lab Assault Kit, Brown Bag w/ Compl Clothing (Pants, Bra+Sweater)_

RECEIVED BY _J.S. Crowley_ IN _240th_ COURT ON _7/19/95_
                  PRINT                                            DATE
SIGNATURE OF RECEIVING OFFICIAL _[signature]_, Asst DA

### THIS SECTION USED FOR RETURN OF EVIDENCE TO PROPERTY ROOM

I, hereby, certify that all property signed out on this receipt has been satisfactorily cleared in the Property Division by return of:

ALL PROPERTY          PARTIAL PROPERTY          (COURT RECEIPT)

ATE _7-19-95_ PROPERTY OFFICER _[signature]_          EMPLOYEE NO. _9832_

### THIS SECTION USED FOR RETURN OF LABORATORY RECEIPT

OFFICER RETURNING LABORATORY RECEIPT_____ EMP. NO. _____

PROPERTY OFFICER RECEIVING RECEIPT _____ EMP. NO. _____

DATE LABORATORY RECEIPT RECEIVED_____

EVIDENCE KEPT IN LABORATORY:

_____

(WHITE COPY ORIGINAL, YELLOW COPY PROPERTY ROOM, PINK COPY OFFICER)

Houston Police Department Property and Evidence Record    Page 1 of 2

Case Number 1404-5R-93 B

Suspect Name UNKNOWN

Authorized By N/A    Emp# N/A    Division SEX CRIMES

Offense ASS. SEXUAL ASSAULT    Location WESTBURY HOSP.

Incident Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ]

Date Tagged 28 DEC 1993    Time 1803

Compl./Owner SINGLETON MARIA 15 YRS

Officer's Name JOHNSON B. O.    Division SW PAT II

Officer's Signature & Emp.# Phi Pat Johnson 93867

Property Officer's Sign. & Emp.# [signature] 10126

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| LE 24 F2042 | (1) - MED LAW SEXUAL ASSAULT KIT |
| BACF | |
| SB 212 B | (1) - BROWN BAG WITH COMPL. CLOTHING ITEMS |
| BACH | Court Frost |
| | |
| | |
| | |
| | |
| | |

L94 — 159

BACG
BACI

DAY OF WEEK  W                    MT              NO.  BACI

CASE NO. 1404818938 B                          1-5-94

Kari Gensler                          Crime Lab

Division, hereby, certify
Property Division for

LABORATORY ANALYSIS

PROPERTY                    RETURNED IN SEVEN (7) DAYS
ITEM NO.                    ROOM INVOICE

Sexual assault kit, clothing

OFFICER                    Police   Kari Gensler    EMPLOYEE NO. 10219
PROPERTY OFFICER                                    EMPLOYEE NO. 7366

COURTS

EVIDENCE

COURT ON
DATE

PROPERTY ROOM

receipt has
return of;

COURT RECEIPT

DATE 1-12-94           Ronnie Moore        NO. 101274

(PINK COPY OFFICER)

# Houston Police Property Division
## Disposition Authorization

Investigative Division **JUVENILE SEX CRIMES** No. _1404 818 93 -B_

Date Sent **MAR 29 1994** • Date Property Tagged _____ Tag Number **BACF**

---

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.

Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

---

1. **Hold for Court Case**
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

[X] 2. **Hold for further Investigation:**
   Signature of Investigative Shift Commander
   Required _____

3. **Hold for possible Surety or Indemnity Bond Agreement.**
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retreive property.
   Name of person to whom release was refused:

   _____

   Date & Time notified that property would be returned:

   _____

   *Method of Notification

   _____

4. **Hold for Property Hearing:**
   Hearing Date: _____

5. **Photograph & Release to Owner:**
   Date & Time Notified to Reclaim Property: _____

   * Method of Notification

   _____

   (Note: Investigator is responsible for photographing property BEFORE it is released to owner).

6. **Release to Owner (or Authorized Person)**
   Owner's Name _____
   Date & Time Notified to Reclaim Property:

   * Method of Notification:

   _____

7. **Dispose of as Authorized by City Ordinance**
   (Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)

8. **Transfer of Responsibility:**
   Division transferred to: _____
   Authorized by: _____
   (NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)

9. **Destroy Property as Ordered by Court:**
   (Court Orders for destruction of property to be kept on file by the Investigative Division).

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.

---

| 4-5-94 | S Anderson | (0)14 |
|---|---|---|
| Date | Signature of Investigative Officer | Employee Number |

| Property Room Use Only | Property Room Use Only |
|---|---|
| Final Supervisory Review by: | Letter Disposition Review by: |
| Name          Date | Name          Date |

## Houston Police Property Division
## Disposition Authorization

Investigative Division **JUVENILE SEX CRIMES** No. *140481893-B*

Date Sent **DEC 28 1994** 1 Date Property Tagged _____ Tag Number *BACF*

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

1. Hold for Court Case
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

[X] 2. Hold for further Investigation:
   Signature of Investigative and Commander
   Required _____

3. Hold for possible Surety or Indemnity
   Bond Agreement.
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retreive property.
   Name of person to whom release was refused:
   _____
   Date & Time notified that property would be returned:
   _____
   * Method of Notification
   _____

4. Hold for Property Hearing:
   Hearing Date: _____

5. Photograph & Release to Owner:
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification _____

   Note: Investigator is responsible for photographing property BEFORE it is released to owner).

6. Release to Owner (or Authorized Person)
   Owner's Name _____
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification:
   _____

7. Dispose of as Authorized by City Ordinance
   (Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)

8. Transfer of Responsibility:
   Division transferred to: _____
   Authorized by: _____
   (NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)

9. Destroy Property as Ordered by Court:
   (Court Orders for destruction of property to be kept on file by the Investigative Division).

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt).
Return address on envelope should include the Division and Investigator's Name.

RECEIVED PROPERTY ROOM **JAN 17 1995**

_____      _____      _____
Date                 Signature of Investigative Officer      Employee Number

| Property Room Use Only | | Property Room Use Only |
|---|---|---|
| Final Supervisory Review by: | | Letter Disposition Review by: |
| Name          Date | | Name          Date |

Houston Police Property Division
Disposition Authorization

Investigative Division **JUVENILE SEX CRIMES** No. *140481893-B*

Date Sent DEC 28 1994 1 Date Property Tagged _____ Tag Number *BACF*

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

1. Hold for Court Case
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

[X] 2. Hold for further Investigation:
   Signature of Investigative Unit Commander
   Required _____

3. Hold for possible Surety or Indemnity
   Bond Agreement.
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retreive property.
   Name of person to whom release was refused:
   _____
   Date & Time notified that property would be returned:
   _____
   *Method of Notification
   _____

4. Hold for Property Hearing:
   Hearing Date: _____

5. Photograph & Release to Owner:
   Date & Time Notified to Reclaim Property:
   _____
   *Method of Notification _____

   (Note: Investigator is responsible for Photographing property BEFORE it is released to owner).

6. Release to Owner (or Authorized Person)
   Owner's Name _____
   Date & Time Notified to Reclaim Property:
   _____
   *Method of Notification:
   _____

7. Dispose of as Authorized by City Ordinance
   *(Use only after the property is no longer needed as evidence, or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)*

8. Transfer of Responsibility:
   Division transferred to: _____
   Authorized by: _____
   *(NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)*

9. Destroy Property as Ordered by Court:
   *(Court Orders for destruction of property to be kept on file by the Investigative Division).*

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.

RECEIVED PROPERTY ROOM
JAN 17 1995
BY

1-5-95
_____
Date

S. Anderson
_____
Signature of Investigative Officer

67721
_____
Employee Number

| Property Room Use Only | |
|---|---|
| First Supervisory Review by: | |
| Name | Date |

| Property Room Use Only | |
|---|---|
| Letter Disposition Review by: | |
| Name | Date |

Form No. HPD-00011

HOUSTON POLICE DEPARTMENT
PROPERTY DIVISION
TEMPORARY RELEASE OF PROPERTY RECEIPT

DAY OF WEEK **Wednesday**          TAG NO. **BACF, BACH, C709**

CASE NO. **140481893-B**          DATE **7-19-95**

I, **E. M. Johnson** assigned to the **Southwest Patrol**

Division, hereby, certify that I have received the below listed property from the Property Division for the purpose of:

**FB BC24D**

(COURT APPEARANCE)          INVESTIGATION          LABORATORY ANALYSIS

## PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS

ITEM NO. OR DESCRIPTION OF PROPERTY AS LISTED ON PROPERTY ROOM INVOICE

**SE w/ Vial Blood, Hair, Saliva, LB/ MedLaw Assault Kit, Brown Bag w/ Compl. Clothing**

OFFICER RECEIVING PROPERTY **E M Johnson**          EMPLOYEE NO. **C9380**
PROPERTY OFFICER **R Mano**          EMPLOYEE NO. **101274**

### THIS SECTION USED FOR RELEASE OF EVIDENCE TO COURTS

EVIDENCE KEPT BY COURT:

_____

_____

RECEIVED BY _____ IN _____ COURT ON _____
                PRINT                                              DATE
SIGNATURE OF RECEIVING OFFICIAL _____

### THIS SECTION USED FOR RETURN OF EVIDENCE TO PROPERTY ROOM

I, hereby, certify that all property signed out on this receipt has been satisfactorily returned to the Property Division by return of:

ALL PROPERTY          PARTIAL PROPERTY          (COURT RECEIPT)

DATE **7-19-95** PROPERTY OFFICER **H Free**          EMPLOYEE NO. **94374**

### THIS SECTION USED FOR RETURN OF LABORATORY RECEIPT

OFFICER RETURNING LABORATORY RECEIPT _____ EMP. NO. _____

PROPERTY OFFICER RECEIVING LAB RECEIPT _____ EMP. NO. _____

DATE LABORATORY RECEIPT _____

EVIDENCE KEPT BY LAB. TECH _____

Form No. HPD-01



**ANNIE REBECCA ELLIOTT**

DISTRICT CLERK

Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

July 27, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re:    Cause No.    **94-DCR-026185**
       **The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY DEPUTY CLERK FROM THE DISTRICT CLERKS OFFICE.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Lisa Tucker
Telephone: (281) 341-4516

**RECEIVED**

JUL 28 2015

**DISTRICT ATTORNEY'S OFFICE**

CC:    Jason Tyrone Pegues
       Huntsville Unit
       815 12th Street
       Huntsville Tx 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_____
Signature

Mattie Sanford
Print Name

7/28/15

**MAILING**
301 Jackson Street
Richmond, Texas 77469

**PHYSICAL**
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountytx.gov
Departments – District Clerk

Cause No. 94-DCR-026185

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| vs | § | FORT BEND COUNTY, TEXAS |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT

My name is **Lisa Tucker.** I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

The office of the Fort Bend County District Clerk is the custodian of records. Attached are **3** pages of records from the above mentioned cause.

In response to the "Order on State's Motion to Enter Orders so that the State May respond to the Defendant's Motion for Forensic Data Testing order signed on June 26, 2015, by the 240th District Court of Fort Bend County, Texas.

As of today's date and to the best of my knowledge the only exhibits in our possession are listed on the attached 3 page list provided by Court Reporter. The listed exhibits are stored here at the Fort Bend County District Clerks Office 1422 Eugene Heimann Circle Richmond, Texas 77469. As of today's date no log exist or has been found showing any past record of the exhibits being checked out.

Also, as of today's date no one has checked out any of the attached listed exhibits and all listed exhibits are here in custody at the Fort Bend County District Clerks Office.

These **3** pages of records are kept by District Clerk ANNIE REBECCA ELLIOTT in the regular course of business, and it was the regular course of business of the District Clerk for an employee or representative of District Clerk ANNIE REBECCA ELLIOTT, with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record; and the record was made at or near the time or reasonably soon thereafter.

The records attached are the original or exact duplicates of the original.

AFFIANT:

_____
Deputy District Clerk Lisa Tucker

DATE: _7-27-15_

**ORIGINAL**



Before me, the undersigned authority, personally appeared _____ Lisa Tucker _____,
who was sworn and subscribed before me on this the __27th__ day of __July_____,
20 _15_ .

_____
NOTARY PUBLIC IN AND FOR FORT BEND COUNTY, TEXAS

IRMA CORTEZ
Notary Public, State of Texas
My Commission Expires 06-20-2018

**ORIGINAL**

JASON PEGUES

CAUSE # 26,185 and 26,341

STATES EXHIBITS

#1   STATUTORY WARNING OF JUVENILE BY MAGISTRATE
#2   SECOND MAGISTRATE APPEARANCE FORM
MAGISTRATE'S DETERMINATION OF A JUVENILE'S
COMPETANCY TO MAKE A WRITTEN STATEMENT
DEFENDANT'S EXHIBITS
#1   STATEMENT
#2   CERTIFICATION AND RESOLUTION
#4   MINUTES FORT BEND COUNTY JUVENILE BOARD
#5   CITY OF SUGARLAND/FORT BEND COUNTY JUVENILE BOARD

JASON PEGUES                                    #26,185

TRIAL: JULY 18TH THRU 20TH
PUNISHMENT: 50 YEARS TDCJ

SHELF:            BIN:

STATE'S EXHIBITS:

01. THRU 15. PHOTOS

16. PHOTO LINEUP
    (NO #17 SX-ENTERED)
18. THRU 20. PHOTO LINEUPS

23. THRU 24. PHOTOS

27. PHOTO

30. BLACK PANTS

31. MEDICAL RECORDS

32. STATUTORY WARNING

33. magistrate's CERTIFICATE

34. JUVENILE WARNING

35. RAPE KIT ENVELOPE

35A. RAPE KIT

36. STATEMENT

37. STATEMENT

38. CAMISOLE

39. SWEATER

DEFENDANT'S EXHIBITS:

01. DR. COX REPORT

JASON PEGUES                #26,185

JANUARY 31, 1995                          SHELF 7    BIN

CHARGE: AGGRAVATED SEXUAL ASSAULT
        ATTEMPTED CAPITOL MURDER
        BURGLARY OF A HABITATION
HEARING: EXAMINING TRIAL AND WRIT HC.#I
         EXAM.TRIAL-DEFT.BIND TO GRAND JURY
         WRIT HC.#I-BONDS SET ON EACH CHARGE

STATE'S EXHIBITS

1.    Through 8  Photos - (Copies)

9.    Magistrate's Verification - (Copy)

10.   Confession - (Copy)

10A.  Second page of Confession - (Copy)

11.   Statutory Warning - (Copy)

12.   Statement - (Copy)

13.   Photo - (Copy)



**ANNIE REBECCA ELLIOTT**

DISTRICT CLERK

Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

August 04, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re: Cause No. **94-DCR-026185**
**The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY ATTORNEY TEANA V. WATSON.

**RECEIVED**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Petra Lozano
Telephone: (281) 341-4516

**AUG 04 2015**

**DISTRICT ATTORNEY'S OFFICE**

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_Mattie Sanford_
Signature

_Mattie SANFORD_
Print Name

_8/4/15_
Date

CC: Jason Tyrone Pegues
Huntsville Unit
815 12th Street
Huntsville Tx 77348

**MAILING**
301 Jackson Street
Richmond, Texas 77469

**PHYSICAL**
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountytx.gov
Departments – District Clerk

STATE OF TEXAS      §
                                  §

COUNTY OF FORT BEND  §

## **AFFIDAVIT**

My name is Teana Watson, I am over eighteen years old and of sound mind and competent to make this affidavit. I was one of the Assistant District Attorneys who prosecuted the **State of Texas vs. Jason Tyrone Pegues in Cause No. 94-DCR-026185**. I ceased working in the Fort Bend District Attorney's office in 1996. It has never been my practice to hold onto evidence and I do not have any evidence from this case, nor do I have any information to provide or any recollection regarding the location of any evidence in this case.

_____
Signature of Affiant
Teana V. Watson


SUBSCRIBED AND SWORN THIS 28th DAY OF JULY, 2015.

_____
Notary State of Texas

My Commission Expires: 05/15/19

JACKIE LYNN KERMODE
Notary Public, State of Texas
My Commission Expires
May 15, 2019

COPY

FILED
2015 JUL 31 AM 9: 30
CLERK DISTRICT COURT
FORT BEND CO. TX



94-DCR-026185
LETT
Letters
3706668

**ANNIE REBECCA ELLIOTT**
DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

August 06, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re:     Cause No.     **94-DCR-026185**
**The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY MARTIN LOPEZ.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Petra Lozano
Telephone: (281) 341-4516

**RECEIVED**

AUG 06 2015

DISTRICT ATTORNEY'S OFFICE

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_Mattie Sanford_____
Signature

_Mattie SANFORD_____
Print Name

_8/6/15_____
Date

CC:     Jason Tyrone Pegues
Huntsville Unit
815 12th Street
Huntsville Tx 77348

**MAILING**
301 Jackson Street
Richmond, Texas 77469

**PHYSICAL**
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountytx.gov
Departments – District Clerk

( 94-DCR-026185 )



# FAX

## Houston Police Department
## Tuesday, August 4, 2015

From:    Martin Lopez
         **HPD Property Division**
         **Telephone #    832-394-4096**
         **FAX #          832-394-4091**

To:      **Lisa Tucker**
         **Deputy District Clerk**
         **Fort Bend**
         **FAX # 281-341-4519**

Subject:    **State of Texas vs. Jason Tyrene Peques**

# FILED

AUG 0 4 2015

AT _____ _____ P M.

*Annie Rebecca Elliott*

Clerk District Court, Fort Bend Co., TX

Page 1 of 5

94-DCR-026185
LETT
Letters
3706590



94-DCR-026185
AFFI
Affidavit
3706581

(94-DCR-026185)

## Houston Police Department
## EMPLOYEE SWORN AFFIDAVIT

STATE OF TEXAS                                          DATE: 08/04/15
COUNTY OF HARRIS                                        TIME: 08:22

### Statement of Person Under Oath

BEFORE ME, the undersigned authority, personally appeared Martin Lopez, who upon being duly sworn, deposed and stated as follows:

My name is Martin Lopez. I am 40 years of age, and my date of birth is 03/10/75. My employee number is 115994 and I have been employed with the city of Houston for approximately 15 years. I am assigned to the Houston Police Department, Property Division, as a Sr. Microcomputer Analyst. My work number is 832-394-4096. The facts stated herein are true and correct, except those stated on information and belief, to the best of my knowledge

During the first week of June, Fort Bend County DA Investigator John Bohannon requested assistance from the Property Division in finding information related to articles that had been previously tagged into the HPD Property Room under case 140481893.

A search in the Property Division's Evidence Management System did not show any item information under case 140481893. While doing further research I looked in the Division's closed out files and found two invoices for case 140481893. The first invoice had a tagging date of 12-28-93 and the second invoice had a tagging date of 05-25-94. The invoice for evidence tagged on 12-28-93 contained the following: barcode - BACF (1 Sexual Assault Kit) and barcode - BACH (1- bag containing clothes). The invoice for evidence tagged on 05-25-94 contained the following: barcode - C7D9 (Vial of blood, Hair, Saliva).

Attached to both invoices was an "HPD Property Division Temporary Release of Property Receipt" form which stated that all items under barcodes BACF, BACH, and C7D9 had been taken for Court Appearance on 07-19-95. This "HPD Property Division Temporary Release of Property Receipt" form also stated that all items under barcodes BACF, BACH, and C7D9 were kept by the 240th court on 07-19-95.

I have attached copies of the two invoices and the "HPD Property Division Temporary Release of Property Receipt" form with this affidavit.

On June 4, 2015 I made a copy of the two invoices and the "HPD Property Division Temporary Release of Property Receipt" form and had these documents notarized by Sgt. Lance Johnson. I then provided the notarized copies of these documents to Investigator John Bohannon on that date.

I was not employed by the Houston Police Department at the time when the evidence under case 140481893 was tagged into the Property Room or when this evidence was taken and kept by the

Houston Police Department
Internal Affairs Division

**FILED**
2015 AUG -4 PM 2: 52



Page 1 of 2 Pages

Date Printed: 08/04/15

Initials: _ML_  Date: _8-4-15_

court. At no time did I physically handle these items, nor was I part of the chain of custody of these items.

Finally, although I have fully cooperated and answered all issues presented in this matter to the best of my ability as of the date of this statement, this incident occurred 9 weeks ago. Therefore, I hereby reserve the right to supplement and/or amend this statement should additional facts be brought to my attention through further investigation, subsequent reflection on the matter, because of an honest defect in the perception of the event(s), or the common foibles of human memory.

I have completed 16 years of school and can read and write the English Language. I have read this statement in its entirety and certify that it is correct and true to the best of my knowledge. .

Martin Lopez
(Name: Printed)

_(Signature)_

Subscribed and sworn to before me this 4TH day of AUGUST , 2015.

Notary Signature: Randy B. Carodine        (Notary Stamp/Seal)

```
RANDY B CARODINE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/7/17
```

## Houston Police Department Property & Evidence Record

| Case Number | 1404-08-23 R | Date Tagged | 28 DEC 1993 | Time | 18:05 |
|---|---|---|---|---|---|
| Suspect Name | UNKNOWN | Compl./Owner | Singleton Marsha | | 15 YRS |
| Authorized By | N A    Emp# NA  Division SEX CRIMES Juvenile | Officer's Name | JOHNSON B.D. | Division SW PAT II |
| Offense | Agg SEXUAL ASSAULT  Location WESTBURY HOSP. | Officer's Signature & Emp.# | Eric M Johnson  93807 |
| Incident Type: Evid.[X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ] | | Property Officer's Sign. & Emp.# | [signature] 10/270 |

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| LE [X] BACF / BACF | (1)- MED LAW SEXUAL ASSAULT KIT |
| LE 24b FZDA12 | (1)- BROWN BAG WITH COMPL. CLOTHING items |
| CB 212B | |

Cert [signature]

Cert [signature]

HANDY B CAROLINE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/11/17

Emily B Lynch- 8/4/2015

# Houston Police Department Property & Evidence Record

Page 1 of 1

| Field | Value |
|---|---|
| Item Number | A261303 |
| Suspect Name | Jason T. Pegues |
| Reported By | n/a | Bmp# n/a | Division n/a Crime Lab |
| Offense | Sex Assault | Location 15603 Winterwood |
| Incident Type | Evid ☒ Found ☐ Safe Keeping (Jail) ☐ Invest ☐ |
| Date Tagged | 05-25-94 Time 1200 |
| Compl./Owner | Martha Singleton |
| Officer's Name | Kim Ok Division Crime Lab |
| Officer's Signature & Bmp.# | |
| Property Officer's Sign. & Bmp.# | |

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| C709 | 1 small envelope containing: 1 vial blood, 4 soiled hair, 4 gauze saliva from Jason Pegues |

Chain of Custody

Jason Pegues L44-159 M7

Chain of Custody

SE063

**RANDY B CARDINE**
**NOTARY PUBLIC**
**STATE OF TEXAS**
MY COMM. EXP 10/7/17

Randy B. Cardine — 8/4/2015

HOUSTON POLICE DEPARTMENT
PROPERTY DIVISION
TEMPORARY RELEASE OF PROPERTY RECEIPT

DAY OF WEEK _Wednesday_                                    TAG NO. _BACF, BACH 2709_

CASE NO. _140481893-B_                          DATE _7-19-95_

I, _E. M. Johnson_ assigned to the _Southwest Patrol_

Division, hereby, certify that I have received the below listed property from the
Property Division for the purpose of:

_FB DC 240_

( COURT APPEARANCE )          INVESTIGATION          LABORATORY ANALYSIS

## PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS

ITEM NO. OR DESCRIPTION OF PROPERTY AS LISTED ON PROPERTY ROOM INVOICE

_SE w/ Vial Blood, Hair, Saliva, LE/MedLaw Assault Kit, Brown Bag w/_
_Compl. Clothing_

OFFICER RECEIVING PROPERTY _E M Johnson_       EMPLOYEE NO. _C9380_
PROPERTY OFFICER _R Ivacca_                    EMPLOYEE NO. _III 274_

## THIS SECTION USED FOR RELEASE OF EVIDENCE TO COURTS

EVIDENCE KEPT BY COURT;

_SE W/Vial Blood, Hair, Saliva, LE/Med Lab Assault Kit, Brown_
_Bag w/Compl Clothing (Pant's, Bra + Sweater)_

RECEIVED BY _J. S. Crowley_ IN _240th_ COURT ON _7/19/95_
                    PRINT
SIGNATURE OF RECEIVING OFFICIAL _J S Crowley, Asst D.A_   DATE

## THIS SECTION USED FOR RETURN OF EVIDENCE TO PROPERTY ROOM

I, hereby, certify that all property signed out on this receipt has
been satisfactorily cleared in the Property Division by return of;

ALL PROPERTY          PARTIAL PROPERTY          ( COURT RECEIPT )

DATE _7-19-95_ PROPERTY OFFICER _H Fu_          EMPLOYEE NO. _2037_

## THIS SECTION USED FOR RETURN OF LABORATORY RECEIPT

OFFICER RETURNING LABORATORY RECEIPT_____ EMP.NO._____

PROPERTY OFFICER RECEIVING RECEIPT _____ EMP.NO._____

DATE LABORATORY RECEIPT RECEIVED_____

EVIDENCE KEPT IN LABORATORY;

RANDY B CARODINE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP 10/7/17

_Randy B Carodine_ 8/4/15

(WHITE COPY ORIGINAL, YELLOW COPY PROPERTY ROOM, PINK COPY OFFICER)

Form No HPD00102

ATTACHMENT


"D"


EVIDENCE

No. 26,185

THE STATE OF TEXAS       *     IN THE 240TH JUDICIAL

VS.                    *     DISTRICT COURT OF

JASON TYRONE PEGUES     *     FORT BEND COUNTY, TEXAS

### STATEMENT OF FACTS
### VOLUME VII OF 8 VOLUMES

COPY

Loraine Hall, CSR, RPR
Official Court Reporter
240th Judicial District Court
Fort Bend County Courthouse
Richmond, Texas   77469

Thompson.

(Whereupon, the witness, MONICA THOMPSON, having been duly sworn, testified as follows:)

## DIRECT EXAMINATION

Q    (BY MR. CROWLEY)  Would you state your name for the jury, please?

A    My name is Monica Thompson.

Q    It's not Margie Thompson?

A    No.

Q    My mistake.  How are you currently employed?

A    I'm not employed.

Q    What are you doing right now?

A    I'm going to law school.

Q    Back in, I believe, around March or around that area of 1994, how were you employed?

A    I worked for the Houston Police Department crime lab as a criminalist.

Q    What is a criminalist?

A    A criminalist is a person that does scientific testing on evidence as selected from crime scenes.

Q    Could you just tell us what your education and background is?

175

A    I have a bachelor's and a master's degree in biology from Sam Houston State University.

Q    Any particular type of training you received?

A    I received training from the FBI in Quantico, Virginia; also, training from the HPD training laboratory; and training at different seminars and conferences throughout the United States on DNA analysis.

Q    DNA, is that -- we've heard a lot about chromosomes and matching up different fingerprints?

A    Yes.

Q    Have you on few or many occasions had the opportunity to examine rape kits to determine the presence of semen?

A    Many.

Q    All right.  Ms. Thompson, let me show you what's been marked as State's exhibit number 35; and I will ask you if you can identify that.

A    Yes, I can.

Q    What is that?

A    It's a sexual assault kit.

Q    And there appear to be some writing and numbers on there.  Can you identify those?

result of your DNA testing?

ATTACHMENT


"E"


EVIDENCE

# FindLaw® FOR LEGAL PROFESSIONALS

## Court of Appeals of Texas,Houston (1st Dist.).

# PEGUES v. STATE

**Jason Tyrone PEGUES, Appellant, v. The STATE of Texas, Appellee.**

### No. 01-95-01008-CR.

### -- December 18, 1997

Before SCHNEIDER, C.J., and O'CONNOR and MARGARET GARNER MIRABAL, JJ.

Cary M. Faden, Sugarland, for Appellant.John F. Healey, Jr., John H. Harrity, III, Richmond, for Appellee.

OPINION ON MOTION FOR REHEARING

We overrule the appellant's motion for rehearing, withdraw our previous opinion, and substitute this in its stead.

Jason Tyrone Pegues, the appellant, was found guilty by a jury of the offense of aggravated sexual assault. Punishment was assessed at 50 years in prison. On appeal, the appellant argues the trial court erred in (1) not entering written findings of fact and conclusions of law on the voluntariness and legality of his confession and (2) overruling his motion to suppress his confession. We affirm.

Background

The offense for which the appellant was tried occurred on December 28, 1993. On March 3, 1994, Officer Anderson went to Willowridge High School to arrest the appellant. After the arrest, Anderson transported the appellant to the command station in downtown Houston and brought him before Judge John Joneitz, a magistrate judge who administers statutory warnings to juveniles. Judge Joneitz administered the statutory warnings to the appellant.

Afterwards, the appellant was placed in a holding cell at the downtown command station,

which had been designated as a juvenile holding facility by the juvenile boards of Harris and Fort Bend Counties. Anderson typed the appellant's statement as he stated it to her. After Anderson typed the appellant's statement, she gave him the opportunity to correct it. Anderson then took the appellant back to Judge Joneitz's chambers, where Judge Joneitz privately asked the appellant to read the statement back to him. Judge Joneitz asked the appellant some questions that were designed to enable him to determine if the statement was given freely and voluntarily. Judge Joneitz determined the appellant gave the statement freely and voluntarily and certified that the appellant signed the statement in Judge Joneitz's presence.

After conducting a pretrial hearing on the voluntariness of the appellant's statement or confession, the trial court denied the appellant's motion to suppress his confession. The appellant re-urged his objection to the admission of the confession at trial, but the trial court overruled it and admitted the confession into evidence.

The appellant testified during the punishment phase of the trial. When asked of his feelings about the events that took place on December 28, 1994, the appellant said he was sorry. He said he regretted what had happened to the complainant and assumed full responsibility, saying he had just made a mistake. He said he had been attending a rehabilitation program that involved therapy for sexual offenders. On cross-examination, the prosecutor elicited the following testimony from the appellant:

Q (by Crowley): In fact, Mr. Pegues, I would suggest that you're not sorry at all for raping [the complainant]; but you're very sorry that you're looking to go to the penitentiary, aren't you?

A (by the appellant): No, sir. I'm sorry of the fact that I did something like that.

Motion to Suppress the Confession

In point of error two, the appellant claims his confession was taken in violation of Tex.Fam.Code § 52.02.1

Relying on the DeGarmo doctrine, in our original opinion we held the appellant waived this complaint because he admitted he committed the offense during the punishment phase of the trial. DeGarmo v. State, 691 S.W.2d 657, 660-61 (Tex.Crim.App.1985). In his motion for rehearing, the appellant argues we took his statement at the punishment phase out of context and that it was not an unequivocal confession. He argues DeGarmo should not apply here. We disagree.

The DeGarmo doctrine provides that, if during the punishment phase, a defendant confesses to all the elements of the crime for which he has been found guilty, he waives any error that might have occurred during the guilt stage of the trial. Id.; Deleon v. State, 925 S.W.2d 295, 296 (Tex.App.-Houston [1st Dist.] 1996, no pet.).

The appellant, responding to a question clearly referring to the rape, expressed remorse for raping the complainant. His confession, which he claims should not have been admitted, also stated he raped the complainant. ✔ Neither statement admitted to using a knife during the attack. Thus, the appellant's statement at the punishment phase did not confess to all the elements of aggravated sexual assault. The DeGarmo doctrine does not apply squarely to this case but its rationale does.

The DeGarmo doctrine has been called a common-sense rule of procedure. See McGlothlin v. State, 896 S.W.2d 183, 187 (Tex.Crim.App.1995). This is so because a defendant who complains of the improper admission of evidence, a trial error, would at most be granted a new trial. Id. at 188. Upon retrial, the defendant's judicial confession to all the elements of the offense would be admissible. See Tex.R.Crim.P. art. 38.22, § 5 (1979). Therefore, a new trial would be pointless, as the trier of fact would hear the defendant's confession to the offense.

The same reasoning applies in this case. Here, the appellant did not admit to all the elements of aggravated sexual assault, and so did not waive all error occurring during the guilt phase. However, his judicial confession to the rape matched the confession he argues was erroneously admitted. The DeGarmo reasoning applies here. Assuming the confession was erroneously admitted and the appellant was granted a new trial, his judicial confession, that he was sorry he committed the rape, would be admissible at the new trial.

We conclude the appellant's admission during the punishment phase waived any error that may have occurred concerning the admission of his confession at the guilt phase of the trial.

We overrule point of error two.

Failure to Enter Findings

In point of error one, the appellant argues the trial court erred in not entering findings of fact and conclusions of law regarding the confession's voluntariness. As stated above, the appellant waived any error that may have occurred with regard to the admission of the confession. This includes the entering of findings of fact and conclusions of law following a hearing on voluntariness.

We overrule point of error one.

We affirm the judgment of the trial court.

FOOTNOTES

1. Section 52.02 provides in pertinent part:(a) A person taking a child into custody, without unnecessary delay and without first taking the child to any place other than a juvenile processing office designated under Section 52.025 of this code, shall do one of the following: * * * * * *(2) bring the child before the office or

official designated by the juvenile court if there is probable cause to believe that the child engaged in delinquent conduct or conduct indicating a need for supervision; [or](3) bring the child to a detention facility designated by the juvenile court.Tex.Fam.Code § 52.02(a) (1996).

O'CONNOR, Justice.

Copyright © 2013 FindLaw, a Thomson Reuters business. All rights reserved.

MR. JASON T. PEGUES #728196
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 1 0 2015

CHRISTOPHER A. PRINE

CLERK _____

SEPTEMBER 8th, 2015

TO: CLERK OF THE COURT: CHRISTOPHER A. PRINE
    COURT OF APPEALS, FIRST DISTRICT
    301 Fannin Street
    Houston, Texas 77002-2066

Re; FILING A MOTION IN REFERENCE TO APPELLATE CASE NUMBER:01-15-00535-CR

DEAR CLERK OF THE COURT:

ENCLOSED IS A MOTION WITH ATTACHMENTS IN REFERENCE TO APPELLATE CASE NUMBER: 01-15-00535-CR, SO IF YOU WILL PLEASE FILE THIS IN THE HONORABLE COURT SO THAT IT MAY BE HEARD AND RULED ON, I WOULD GREATLY APPRECIATE IT. THANKS FOR YOUR TIME AND ASSISTANCE.

RESPECTFULLY,

JASON T. PEGUES #728196
RELATOR:

cc/file:



...le Unit
...h Street
...lle, Texas 77348

MAIL RECEIVED

RECEIVED
FIRST COURT OF APPEALS
HOUSTON TEXAS

SEP 1 0 2015

CHRISTOPHER A. PRINE
CLERK

RECEIVED
COURT OF ...
HOUSTON. TE...

SEP 1 0 2015

CHRISTOPHER A. PRINE

Clerk of The Court:
Christopher A. Prine
Court of Appeals, First District
301 Fannin Street
Houston, Texas 77002-2066

LEGAL
Mail